UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V.,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>                    Defendant. | Case No.: 19-cv-01660-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

Plaintiff Richard V. has filed a complaint against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying his applications for Social Security Disability Insurance and Supplemental Security Income. (ECF No. 1 ¶ 1.) The parties have consented to the disposition of this case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and *sua sponte* **DISMISSES without prejudice** Plaintiff's complaint for failure to state a claim upon which relief may be granted.

# I. MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay the requisite filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee, but only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

Here, Plaintiff has not paid the $400.00 filing fee required to maintain an action in this District and has instead moved to proceed IFP. (ECF No. 2.) In his affidavit of assets, Plaintiff attests that he is homeless, unemployed, and that his only source of income is $192.00 per month in food stamps. (*Id.* ¶¶ 2–3.) Plaintiff states that he has $10.00 in a bank account. (*Id.* ¶ 4.) Plaintiff owns a 2007 automobile, which he values at $1,000.00. (*Id.* ¶ 5.) Given the foregoing, the Court concludes that Plaintiff's affidavit of assets sufficiently shows that he lacks the requisite financial resources to pay the $400.000 filing fee for this case. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2).

# II. SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)

## A. Legal Standards

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added). Complaints in social security appeal cases are not exempt from § 1915(e)'s screening requirement. *See Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845

(9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017) (same).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security appeal may differ in some ways from other civil cases, it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

With respect to social security appeals, several courts in the Ninth Circuit, including courts in this District,[1] have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL

---

[1] *E.g.*, *Smith v. Saul*, No. 19-cv-1692-AGS, 2019 WL 4643703, at *1 (S.D. Cal. Sept. 24, 2019); *Skyler v. Saul*, No. 19cv1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019); *Walker v. Saul*, No. 19-cv-1068-AGS, 2019 WL 3220167, at *1 (S.D. Cal. July 17, 2019); *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 21, 2018), *adopted by* 2018 WL 4361077 (S.D. Cal. Apr. 4, 2018).

2521753, at *3. Thus, "a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to [§] 1915(e)." *Montoya*, 2016 WL 890922, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must [include] a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

**B.      Discussion**

Applying these requirements to the present case, the Court finds that Plaintiff's complaint is insufficient with respect to requirements three and four. Regarding the third requirement, Plaintiff's complaint is silent as to the nature of his disability and the date on which he allegedly became disabled. Plaintiff states only that he "is disabled." (ECF No. 1 ¶ 6.) Thus, Plaintiff's complaint fails as to the third requirement. *See Smith*, 2019 WL 4643703, at *1 ("Although surviving § 1915(e) is a 'low threshold,' plaintiff is still required to plausibly allege that [he] is disabled by identifying [his] purported disability and suggesting why [he] is entitled to relief." (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012))).

Regarding the fourth requirement, Plaintiff has failed to state any facts to support the boilerplate grounds for his appeal. Plaintiff "merely parrots" the standard of judicial review by alleging only that "[t]he conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." (ECF No. 1 ¶ 7.) Plaintiff does not set forth the bases upon which the Commissioner denied his applications and why the Commissioner's decision was wrong. Plaintiff's threadbare and conclusory allegations are insufficient to show that Plaintiff is entitled to relief. Thus, Plaintiff's complaint fails as to the fourth requirement as well. *See Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (dismissing a complaint because it did not "specify . . . the respects in which [the plaintiff] contend[ed] that the ALJ's findings [were] not supported by substantial evidence and/or that the proper legal standards were not applied").

Because Plaintiff has failed to set forth the nature of his disability, the onset of his disability, and the reasons supporting his appeal, the Court is obligated to *sua sponte* dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For the reasons stated above, the Court hereby:

(1) **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2); and

(2) *sua sponte* **DISMISSES** the complaint without prejudice and with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff shall have until **November 7, 2019** to file an amended complaint that cures the deficiencies set forth above. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: October 8, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge